No. **60607.**—H. S. Dorf & Co. of N. J., Inc. *v.* United States, protest 260692–K (New York).

DONLON, Judge:   Plaintiff protests that the liquidation of this entry was void, in that it is based, as plaintiff alleges, on an invalid appraisement. Invalidity of the appraisement is claimed on the ground that the merchandise was transferred in warehouse, and the transferee was not given written notice of appraisement under section 501 of the Tariff Act of 1930, as amended.

The official papers were received in evidence.   They show that this merchandise was imported at the port of New York on March 13, 1950; that Natural Nydegger Transport Corp., consignee under bill of lading, executed a consignee's authority to make entry, endorsed to the order of the A. W. Fenton Co.; that, on July 28, 1950, H. S. Dorf & Co. of N. J., Inc., filed a transferee's bond, pursuant to section 557 (b) of the Tariff Act of 1930, as amended by section 22 (a) of the Customs Administrative Act of 1938 (T. D. 49646), thereafter paid estimated duties of $477.90 on the entered value, and withdrew the merchandise (one case of drawing instruments) from warehouse for consumption.   Some 2 years later, on June 26, 1953, the merchandise was appraised for duty at an advance over the entered value.   Notice of the advance, as specified in section 501 of the Tariff Act of 1930, was mailed on July 1, 1953, to the A. W. Fenton Co., the consignee, as defined in section 483 of the Tariff Act of 1930.   Admittedly, such notice was not sent to plaintiff transferee, and no appeal for reappraisement was filed within the 30-day period provided in section 501.   On January 28, 1954, the collector liquidated the entry for increased duties, based on the appraiser's advanced value.

Decision turns on the single question whether a transferee in bond under section 557 (b) is entitled to receive the notice of advance in value specified in section 501.   This, it should be noted, is the notice which gives rise to the right to appeal to reappraisement, a right provided in section 501.

Plaintiff does not claim to be "the consignee, his agent, or his attorney," parties to whom the collector is directed by section 501 to give written notice. Conceding that its status is determined by section 557 (b), plaintiff argues that the transferee's right to protest, as provided in section 557 (b), should be broadly construed to include also the right to receive notice of advance in value and to appeal therefrom to reappraisement.

Section 557 (b), as amended by the Customs Simplification Act of 1953 (T. D. 53318), effective as to section 557 (b) on August 9, 1953, gives a transferee a certain limited right to appeal to reappraisement.   Appraisement, in this case, was on June 26, 1953, and the rights of plaintiff as transferee are those provided in section 557 (b) as it was on that day.   This subsection (b) first appeared in section 22 (a) of the Customs Administrative Act of 1938, *supra,* and was not changed until the amendment, which became effective August 9, 1953.

The 1938 enactment gave statutory authority for transfers of merchandise in warehouse, previously permitted only by regulation under article 332, Customs Regulations of 1937.   In connection with this new statutory authorization, Congress provided that "So long as * * * such transfer remains unrevoked the transferee shall have, with respect to the merchandise the subject of the transfer, all rights to file protests, and to the privileges provided for in this section and in sections 562 and 563 of this Act which would otherwise be possessed by the transferor."   As above noted, section 557 (b) then gave no "privilege" with respect to appeals to reappraisement.   Sections 562 (as to manipulation in warehouse) and 563 (as to allowance for loss—abandonment of goods) provide no privilege with respect to notice of appraisement.

Plaintiff suggests that when Congress, in the amendment, effective August 9, 1953, granted to transferees in bond a limited right to appeal to reappraisement,

it must have understood that transferees already had this right of appeal under the 1938 amendment. While plaintiff claims that legislative history supports this theory, no such history is cited in the briefs.

There is a long-established distinction, in customs law, between the right to protest and the right of appeal to reappraisement. There is a separate cause of action provided, in each case, by law. The right to protest against decisions of the collector on liquidation flows from section 514. The right of appeal to reappraisement as to values found by the appraiser, before liquidation, flows from section 501. There are different issues in each case. Reference to one cannot easily be construed to include the other by inference. None but a proper party named in the statute may bring suit. *Match Import Co., Inc.* v. *United States*, 4 Cust. Ct. 694, Reap. Dec. 4762 (holding a surety on bond not a proper party plaintiff in an appeal to reappraisement under section 501).

It is idle to speculate why Congress, in 1938, included transferees in bond as parties entitled to protest, under section 557 (b), but failed to extend the right of appeal to reappraisement to such transferees. It suffices that the 1938 amendment, in clear language, gave the right of protest but did not specify also the right of appeal to reappraisement. That Congress understood these to be separate causes of action, seems clear from the reference to both in the 1953 amendment to section 557 (b).

The collector had notice of the transferee's interest prior to appraisement, but this can give the transferee no rights, save those prescribed by law. Such rights, under the law in effect at the time of appraisement, do not include the right to receive notice of advance in value or to appeal to reappraisement.

The protest is overruled. Judgment will be entered for defendant.